MATHEWS, Justice.
This appeal is from a final decree granting a divorce to the husband, appellee here, and granting alimony to the wife, appellant here. The appeal is by the wife-appellant.
The appellant assigns as error the granting of a divorce to the husband because “the Court is of the opinion that for their general welfare, a divorce should be granted.” She further alleges as error that the decree awarding alimony is insufficient.
The appellee incorporated in his answer a counterclaim in which he alleged with considerable detail many acts of cruelty and prayed for a divorce upon the ground of extreme cruelty.
The general welfare of the parties is not a ground for divorce in this state. There is sufficient evidence in the record,, if believed by the Chancellor, to show extreme cruelty, and that the acts and conduct of the appellant were such that the appel-lee was kept in a continual state of confusion, caused him considerable difficulty in properly attending to his business, and actually undermined his health. It may be true that it is to the general welfare of the parties to be divorced and that there is no1 reasonable basis upon which they can compose their differences. It is probably true that the acts and conduct of the wife were such as to make the marital relationship' an intolerable burden and its continuance impossible. The ground set forth in the statute which would cover these situations, is that of “extreme cruelty,” and if the ■Chancellor believed the testimony, then the divorce should have been granted on the proper ground. The award of alimony is sufficient and should not be disturbed.
The decree of divorce should be modified by showing that the ground upon which the divorce was granted was the statutory ground of extreme cruelty.
The petition for attorney’s fees for the-attorney for the appellant, for services in this Court, is granted and the sum of $500' is fixed as being reasonable.
Affirmed in part and reversed in part, for the entry of a decree in accordance with this opinion.
HOBSON, C. J., and TERRELL and SEBRING, JJ., concur.